EASTERN DIST.
*May*, 1839.

GRAVES ET AL. *vs.* ROY.

GRAVES ET AL.
*vs.*
ROY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
WATTS PRESIDING.

A principle which enables a debtor to put his creditors at defiance, and dictate to them the terms on which they are to receive a portion of their claims, is repudiated by our law.

So, where the debtor, residing in Virginia, made an assignment of half his interest in a ship then at sea, for the benefit of certain of his creditors, and excluded those who dissent and refuse to release him : *Held*, that such assignment is null and void, as against the dissenting creditors.

It has been decided in Virginia, that an assignment, with a condition for a release of the debtor, would not render a deed of trust *invalid*, provided the debtor conveyed the *whole of his property* for the benefit of his creditors.

This is an action by the acceptors against the drawer of a bill of exchange, alleged to have been accepted and paid for the benefit and accommodation of the defendant : the plaintiffs claim a balance due on the bill of one thousand two hundred and sixty-five dollars ; and, on several shipments of tobacco to London, the further sum of nine thousand eight hundred dollars, for which they pray judgment.

Writs of attachment issued, and, among other property, one undivided half of the ship Rob Roy was seized.

The defendant resided in Virginia.

Walter De Lacy, also residing in Norfolk, Virginia, intervened, and alleged that the one half of the ship Rob Roy, attached as the property of the defendant, was, on the 26th May, 1837, at Norfolk, assigned and transferred to him, as trustee, in trust to pay certain creditors, who yet remain wholly unpaid, and that he had possession under the transfer previous to the attachment, and that he is entitled to hold and dispose of the same for the benefit of the trust creditors.

The plaintiffs joined issue on the demand in intervention, and alleged that the assignment was fraudulent as to them, and prayed that the deed of trust be declared null and void,

and that they have judgment contradictorily with said intervenor for their claim, &c.

EASTERN DIST.
*May*, 1839.

GRAVES ET AL.
*vs.*
ROY.

The laws of Virginia were admitted in evidence, and the deed of assignment was shown to be executed in Norfolk, in the state of Virginia, between parties residing there. The several claims of the parties were admitted, and the whole contestation arose on the validity and effect of the assignment.

The district judge was of opinion, that, by the laws of Virginia, (the parties residing there) the assignment was valid. Judgment was rendered in favor of the intervenor, and the plaintiffs appealed.

*I. W. Smith*, for the plaintiffs and appellants.

1. The intervenor, De Lacy, has not alleged or proved a compliance with the condition expressed in the assignment, which requires that he or his agent shall forthwith proceed to take into his possession the interest of the defendant in the ship, so soon as practicable after her arrival in the waters of the United States.

2. The right to perfect the assignment against the creditors without actual delivery, because of the ship being at sea, is waived by providing specially for the delivery, as one of the conditions of the assignment.

3. By fixing the time, place and manner of transferring possession of the ship, the defendant has subjected the assignment, so far as regards its effects, to the law of the state into which the ship should first come ; and, by our law, the assignment is void.

4. The assignment cannot prevail against the creditors until the delivery has taken place, as provided for ; but the attachment of the plantiffs was levied by taking possession of the ship on the fifth day after her arrival at the Balize, and prior to any attempt by the intervenor to obtain the possession.

5. The deed of trust is fraudulent by the statute of Virginia, because the ship was not in the county of Norfolk when the deed was recorded. 1 *Revised Code, p.* 362, 372 ;

EASTERN DIST. *Tate's Digest, p. 95, 4, sec. 4 ; Ibid, p. 101, 18, sec. 11 ;*
*May,* 1839.   *2 Tucker's Commentaries, p. 331.*

GRAVES ET AL.        6. The assignment defrauds the plaintiffs, because the
vs.        defendant was then in insolvent circumstances, and he has
ROY.       not by that deed assigned all his property. *United States* vs.
*Howland,* 4 *Wheaton's Reports,* 108 ; *United States* vs. *Mott,*
1 *Paine's Reports,* 186 ; *United States* vs. *Clark, Ibid,* 629 ;
*Leavings & Mead* vs. *Brinkerhoff,* 5 *Johnson's Chancery Re-
ports,* ·335 ; *Brashear* vs. *West,* 7 *Peters' Reports,* 614 ;
*2 Tucker's Commentaries, p. 435.*

7. The assignment hinders and delays the plaintiffs, by
the clause requiring the creditors to grant a full discharge of
their debts, under penalty of being debarred from sharing in
the proceeds. *Tate's Digest, p.* 104, 1, *sec.* 2 ; *Hamilton* vs·
*Russell,* 1 *Cranch's Reports,* 316 ; *Fitzhugh* vs. *Anderson,*
2 *Henning & Mumford's Reports,* 302.

8. The plaintiffs, as non-residents, are entitled to equal
privileges in our courts with resident plaintiffs. To set aside
the assignment made in Virginia in favor of a Louisiana
creditor, and sustain it against a New-York creditor attach-
ing in our courts, would be unconstitutional as well as
unjust. *Constitution of the United States, art.* 4, *sec.* 2; *Story's
Conflict of Laws, p.* 479, *sec,* 571 ; and see the authorities
there cited.

*Harrison* and *L. Peirce,* for the intervenor.

*Eustis, J.,* delivered the opinion of the court.

This case comes before us on an appeal from a judgment
of the court below, rendered on an intervention of Walter De
Lacy, residing in Virginia, claiming, as a trustee, one half
the ship Rob Roy, which had been attached in this suit as
the property of the defendant. The judgment was in favor
of the trustee, and the attaching creditors have appealed.

The instrument under which the interest in the ship was
conveyed, was executed at Norfolk, in Virginia, on the 20th
of May, 1837. The parties to the instrument we shall con-
sider as domiciliated in that state at the date of its execu-

EASTERN DIST.
*May,* 1839.

GRAVES ET AL.
*vs.*
ROY.

tion the ship was at sea : no question can arise in relation to the possession ; and our inquiries are necessarily confined to the validity of the instrument, according to the laws of Virginia.

The intervening party claims under a deed of trust which gives to the trustee the half interest in the ship Rob Roy, and the interests of Roy in various shipments of cotton and tobacco, and, generally, all the debts due, or which may become due prior to the date of the deed, for the benefit of certain creditors, excluding those who may have demands against him arising from what is called in the deed, *country damage* to the tobacco shipped by him, or which may have been sustained in the warehouses before shipment. He divides his creditors into two classes : those of the first are to be paid in full; those of the second are deprived of any benefit arising from the property in trust who shall refuse to release or discharge the said Roy from the debt of the creditor thus provided for.

A principle like this, which enables a debtor to put his creditors at defiance, and dictate to them the terms on which they are to receive a portion of what is due to them, is repudiated by our laws, and we think the counsel of the plaintiffs has successfully shown that a condition like this would render an assignment of an insolvent's property void as against dissenting creditors, according to the principles of the common law, which prevails in the other states of the Union. 16 *American Jurist*, 285 ; *Opinion of Judge Ware, in the case of Lord* vs. *The Brig Watchman;* 2 *Kent's Commentaries,* 536, *and Notes.*

The counsel for the intervening party has called our attention to a case decided in the Court of Appeals of Virginia, in April, 1837, the case of *Skipwith's Executor* vs. *Cunningham,* in which this question is fully investigated by the learned presiding judge of that court, and in which the opinion of the court is, that a condition for a release of the debtor would not render a deed of trust like this invalid, provided the debtor conveyed the whole of his property to the trustees for the benefit of his creditors ; but, adds judge

A principle which enables a debtor to put his creditors at defiance and dictate to them the terms on which they are to receive a portion of their claim, is repudiated by our law.

So, where a debtor residing in Virginia, made an assignment of half his interest in a ship then at sea, for the benefit of certain creditors, and excluded those who dissent and refuse to release him : *Held,* that such assignment is null and void as against the dissenting creditors.

It has been decided in Virginia, that an assignment, with a condition for a release of the debtor, would not render a deed of trust invalid, provided the debtor conveyed the whole of his property for the benefit of his creditors.

Tucker, "On this subject a distinction has been made in the cases, between the conveyance of the whole and the conveyance of part only of the debtor's property, upon condition that the creditors should compound and accept a part of their debts, and give a release for the residue." The former is considered admissible and valid, the latter as oppressive upon the creditors, and as fraudulent and pernicious in its tendencies. In this case the trust was to accrue to the benefit of any creditor who should release the debtor.

The deed under consideration did not purport to convey the whole of the debtor's property, and only operated upon the property mentioned in it. He conveyed half the ship Rob Roy, his interest in certain shipments, and the debts due to him, at the same time excluding certain claims from the benefit of the deed, which he did not pretend were fraudulent, or in any respect unfounded. He may have had other property, and there is nothing in the deed from which the contrary is inferred. See 5 *Johnson's Chancery Reports,* 330; *United States* vs. *Howland,* 4 *Wheaton,* 108. We therefore consider, that there is nothing before us from which we can pronounce that the assignment under consideration conveyed the whole of the debtor's property to the trustee; and, according to the principles laid down in the case which is the most favorable to the claims of the intervening party, we must declare the instrument void and without effect, as to the plaintiffs, who are dissenting creditors.

The judgment of the District Court is, therefore, reversed, and judgment is entered against the intervening party, Walter De Lacy, with costs in both courts, and the case is remanded for further proceedings.